**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FLORENTINA CARRETO-ESCOBAR;
et al.,

               Petitioners,

   v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.    18-71073

Agency Nos.     A208-188-614
                      A208-188-615
                      A208-188-616
                      A208-188-617

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted, Submission Deferred April 14, 2020[**]
Resubmitted April 22, 2020
Pasadena, California

Before:  THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit
Judges.

     Florentina Carreto-Escobar ("Carreto-Escobar") and her three minor

children (collectively, "Petitioners"), natives and citizens of Guatemala, petition

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for review of a Board of Immigration Appeals ("BIA") order dismissing their appeal from an immigration judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence and questions of law de novo. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). Because neither the immigration judge ("IJ") nor the BIA made any explicit adverse credibility finding, we assume Petitioners' factual assertions are true. *See Ming Dai v. Sessions*, 884 F.3d 858, 863 (9th Cir. 2018). We grant the petition for review in part, deny it in part, and we remand for further proceedings.

1.     Substantial evidence supports the BIA's affirmance of the IJ's denial of the Petitioners' applications for asylum because the harm they suffered was not "on account of" a protected ground. Carreto-Escobar's eldest son testified that gang members assaulted him because he refused to join them, which is not a protected ground for immigration relief, *see Barrios v. Holder*, 581 F.3d 849, 852–53 (9th Cir. 2009), *partially abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) ("[A petitioner's] refusal to join a gang does not make him a member of a particular social group or constitute a political opinion."). In addition, Carreto-Escobar's testimony does not compel the

2

conclusion that her Mam ethnicity was "one central reason" for her persecution, given the other testimonial and record evidence of widespread gang violence. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). For the same reasons, the record does not compel the conclusion that any future harm will be "on account of" a protected ground.

2. The BIA denied withholding of removal based on its denial of asylum. However, neither of the two reasons underlying the BIA's denial of asylum provides a basis for denying withholding of removal.

First, substantial evidence does not support the BIA's determination that the harm petitioners suffered does not constitute persecution. Carreto-Escobar testified that Mara-18 gang members repeatedly hit her sons. Her sons confirmed this. She testified that the gangs tried to kidnap and rape her daughter. The gangs stole their money. Gangs threw rocks at their house at night. These acts contribute to a finding of persecution. *See Chand v. INS*, 222 F.3d 1066, 1070–1074 (9th Cir. 2000) (holding that record compelled finding of past persecution where petitioner was the victim of violence three times, repeatedly robbed over the course of a few years, and had his house vandalized and his belongings stolen). The fact that

3

Petitioners were "victimized at different times over a period of years" further supports a finding of persecution. *Ahmed v. Keisler*, 504 F.3d 1183, 1194 (9th Cir. 2007). Taken together, this testimony compels the conclusion that the harm Carreto-Escobar suffered rises to the level of persecution. *See Rios v. Ashcroft*, 287 F.3d 895, 900 (9th Cir. 2002) (finding attempted kidnap of son, in conjunction with other harms, compelled finding of past persecution).

Second, the BIA's determination that Petitioners' Mam ethnicity will not be "one central reason" for future harm does not provide a basis for denying withholding of removal relief. To be eligible for withholding of removal, a petitioner need only show that a protected ground will be "a reason" for future persecution, which is "a less demanding standard" than "one central reason." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Because we "cannot deny a petition for review on a ground [upon which] the BIA itself did not base its decision," *Ming Dai*, 884 F.3d at 866 (quotation omitted) (alteration in original), we remand for the BIA to consider Carreto-Escobar's claim for withholding of removal in a manner consistent with these findings. The BIA wrote in its order denying relief, "[n]othing in the record indicates that the gang members would have treated the respondents any differently if they were not Mam." However, we note that Carreto-Escobar testified that the gang members who harassed her and

4

her children were "Latino," spoke only Spanish, and harassed Mams. Further, her oldest son testified that gang members "would harass people that speak Mam."

3. Substantial evidence supports the BIA's denial of CAT relief because the record does not compel the conclusion that it is more likely than not that Petitioners would suffer harm rising to the level of torture if they return to Guatemala. *See Ahmed*, 504 F.3d at 1200–01 (granting petition for review for asylum claim because harm constituted persecution, but finding CAT relief unwarranted because harm did not rise to the level of torture).

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

5